IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| In re: <br><br> Diamond Comic Distributors, Inc., *et al.*, <br><br> Debtors. | Chapter 11 <br><br> Case No. 25-10308 (DER) <br><br> (Jointly Administered) |
| Diamond Comic Distributors, Inc., <br><br> Plaintiff, <br><br> v. <br><br> BOOM ENTERTAINMENT, INC., <br><br> Defendant. | Adv. Proc. No. 25-00239 (DER) |
| BOOM ENTERTAINMENT, INC., <br><br> Counterclaim Plaintiff, <br><br> v. <br><br> Diamond Comic Distributors, Inc., <br><br> Counterclaim Defendant. | |

**DIAMOND COMIC DISTRIBUTORS, INC.'S
ANSWER TO COUNTERCLAIM**

Diamond Comic Distributors, Inc. (the "Debtor"), as counter-claim defendant in the above-captioned Adversary Proceeding, hereby answers the above-captioned Counterclaim Plaintiff's (the "Counterclaim Plaintiff") Counterclaim (the "Counterclaim"), as follows:

**PARTIES**

1. The Debtor admits the allegations of paragraph 1 of the Counterclaim.

56620234.2

2.	The Debtor lacks knowledge or information to form a belief about the truth of the allegations of paragraph 2 of the Counterclaim.

## JURISDICTION

3.	The Debtor admits the allegations of the first two sentences of paragraph 3 of the Counterclaim.  The allegations of the third sentence of paragraph 3 of the Counterclaim constitutes the Counterclaim Plaintiff's compliance with the Federal Rules of Bankruptcy (the "Bankruptcy Rules") and the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Maryland (the "Local Rules"), to which no response is necessary.

4.	The Debtor admits the allegations of paragraph 4 of the Counterclaim.

## BACKGROUND

5.	The Debtor denies the allegations of paragraph 5 of the Counterclaim.

6.	The Debtor denies the allegations of paragraph 6 of the Counterclaim.

7.	The Debtor denies the allegations of paragraph 7 of the Counterclaim.

8.	The Debtor denies the allegations of paragraph 8 of the Counterclaim.

9.	The Debtor lacks knowledge or information to form a belief about the truth of the allegations of paragraph 9 of the Counterclaim.

10.	The Debtor lacks knowledge or information to form a belief about the truth of the allegations of paragraph 10 of the Counterclaim.

11.	The Debtor admits the allegation of paragraph 11 of the Counterclaim.

12.	The Debtor lacks knowledge or information to form a belief about the truth of the allegations of paragraph 12 of the Complaint.

13.	The Debtor lacks knowledge or information to form a belief about the truth of the allegations of paragraph 13 of the Counterclaim.

-3-

14. The Debtor admits the allegations of paragraph 14 of the Counterclaim.

15. The Debtor admits the allegations of paragraph 15 of the Counterclaim.

16. No answer required, as the allegations of paragraph 16 of the Counterclaim assert legal conclusions. To the extent an answer is required, the allegations of paragraph 16 of the Counterclaim are denied.

17. The Debtor denies the allegations of paragraph 17 of the Counterclaim. The Debtor admits that Exhibit 1 is a list of the Defendant Supplied Consigned Inventory as of the Petition Date as reflected in the Debtor's books and records.

18. The Debtor denies the allegations of paragraph 18 of the Counterclaim. The Debtor admits that Exhibit 2 is a list of the Defendant Supplied Consigned Inventory delivered after the Petition Date as reflected in the Debtor's books and records in August of 2025.

## COUNT I – DECLARATORY JUDGEMENT

19. The Debtor incorporates its answers to paragraphs 1 through 18 of the Counterclaim as if fully set forth herein.

20. The Debtor denies the allegations of paragraph 20 of the Counterclaim.

21. No answer required as the allegations of paragraph 21 of the Counterclaim refer to a written document which speaks for itself. To the extent an answer is required, the Debtor denies the allegations of paragraph 21 of the Counterclaim to the extent the allegations are inconsistent with the written document.

22. The Debtor denies the allegations of paragraph 22 of the Counterclaim.

## COUNT II – DECLARATORY JUDGEMENT

23. The Debtor incorporates its answers to paragraphs 1 through 22 of the Counterclaim as if fully set forth herein.

24. The Debtor admits the allegations of paragraph 24 of the Counterclaim.

25. The Debtor admits that the Uniform Commercial Code (the "UCC") typically governs the law of consignment, and that Maryland has codified the UCC provisions in its Commercial Law Article. No answer is required to the balance of the allegations of paragraph 25 of the Counterclaim as those allegations constitute legal conclusions. To the extent an answer is required, the balance of the allegations of paragraph 25 of the Counterclaim are denied.

26. No answer is required to the allegations of paragraph 26 of the Counterclaim as those allegations constitute legal conclusions. To the extent an answer is required, the allegations of paragraph 26 of the Counterclaim are denied.

27. The Debtor admits the allegations of paragraph 27 of the Counterclaim.

28. No answer is required to the allegations of paragraph 28 of the Counterclaim as those allegations constitute legal conclusions. To the extent an answer is required, the allegations of paragraph 28 of the Counterclaim are denied.

29. The Debtor denies the allegations of paragraph 29 of the Complaint.

30. The Debtor denies the allegations of paragraph 30 of the Complaint.

31. No answer is required to the allegations of paragraph 31 of the Counterclaim as those allegations constitute legal conclusions. To the extent an answer is required, the allegations of paragraph 31 of the Counterclaim are denied.

32. The Debtor denies the allegations of paragraph 32 of the Counterclaim.

33. The Debtor denies the allegations of paragraph 33 of the Counterclaim.

34. No answer is required to the allegations of paragraph 34 of the Counterclaim as those allegations constitute legal conclusions. To the extent an answer is required, the allegations of paragraph 34 of the Counterclaim are denied.

56620234.2

35. The Debtor denies the allegations of paragraph 35 of the Counterclaim.

36. The Debtor denies the allegations of paragraph 36 of the Counterclaim.

### COUNT III – Declaratory Judgment

37. The Debtor incorporates its answers to paragraphs 1 through 36 of the Counterclaim as if fully set forth herein.

38. The Debtor admits the allegations of paragraph 38 of the Counterclaim.

39. The Debtor admits the allegations of paragraph 39 of the Counterclaim.

40. No answer is required to the allegations of paragraph 40 of the Counterclaim as those allegations constitute legal conclusions. To the extent an answer is required, the allegations of paragraph 40 of the Counterclaim are denied.

41. No answer is required to the allegations of paragraph 41 of the Counterclaim as those allegations constitute legal conclusions. To the extent an answer is required, the allegations of paragraph 41 of the Counterclaim are denied.

42. No answer is required to the allegations of paragraph 42 of the Counterclaim as those allegations constitute legal conclusions. To the extent an answer is required, the allegations of paragraph 42 of the Counterclaim are denied.

43. The Debtor denies the allegations of paragraph 43 of the Counterclaim.

44. The Debtor denies the allegations of paragraph 44 of the Counterclaim.

45. The Debtor denies the allegations of paragraph 45 of the Counterclaim.

### STATEMENT PURSUANT TO BANKRUPTCY RULE 7012(b)

Pursuant to Rules 7008 and 7012(b) of the Federal Rules of Bankruptcy Procedure and Local Rule 7012-1 the Debtor consents to the entry of final orders or judgments by the Court.

56620234.2

## AFFIRMATIVE DEFENSES

Without admitting any of the allegations in the Counterclaim and without admitting or acknowledging that it bears any burden of proof as to any of them, or that such matters are not elements of the Counterclaim Plaintiff's *prima facie* case, the Debtor asserts the following affirmative defenses, pled in the alternative to the extent that they may be found to be inconsistent. The Debtor reserves the right to amend its Answer to supplement or delete these defenses, or assert further defenses, as justice may require.

### FIRST AFFIRMATIVE DEFENSE

The Counterclaim Plaintiff's Counterclaims fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Counterclaim Plaintiff's Counterclaims fail as a result of the doctrine of estoppel.

### THIRD AFFIRMATIVE DEFENSE

The Counterclaim Plaintiff's Counterclaims fail as a result of the doctrine of waiver.

### FOURTH AFFIRMATIVE DEFENSE

The Counterclaim Plaintiff's Counterclaims fail to the extent the relief sought is contrary to the law as established in the State of Maryland and/or under Title 11 of the United States Code (the "**Bankruptcy Code**").

### FIFTH AFFIRMATIVE DEFENSE

The declaratory judgment sought in the Counterclaim Plaintiff's Counterclaims is contrary to the fundamental purposes of the Uniform Commercial Code as adopted in Maryland and the Bankruptcy Code.

56620234.2

## SIXTH AFFIRMATIVE DEFENSE

Contrary to the Counterclaim Plaintiff's allegations, the Distribution Agreement was not terminated.

WHEREFORE, the Debtor is entitled to the entry of an award denying the Counterclaim Plaintiff's Counterclaims and dismissing the Counterclaims with prejudice.

56620234.2

Dated: November 10, 2025				**SAUL EWING LLP**

By: */s/ Jordan D. Rosenfeld*
Jordan D. Rosenfeld (MD Bar No. 13694)
1001 Fleet Street, 9th Floor
Baltimore, MD 21202
Telephone: (410) 332-8600
Email: jordan.rosenfeld@saul.com

-and-

Jeffrey C. Hampton (admitted *pro hac vice*)
Adam H. Isenberg (admitted *pro hac vice*)
1735 Market Street, Suite 3400
Philadelphia, PA 19103-7504
Telephone: (215) 972-7777
Email: jeffrey.hampton@saul.com
         adam.isenberg@saul.com

-and-

Mark Minuti (admitted *pro hac vice*)
Paige N. Topper (admitted *pro hac vice*)
Nicholas Smargiassi (admitted *pro hac vice*)
1201 N. Market Street, Suite 2300
Wilmington, DE 19801
Telephone: (302) 421-6800
Email: mark.minuti@saul.com
         paige.topper@saul.com
         nicholas.smargiassi@saul.com

*Counsel for Debtor / Counterclaim Defendant*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)**

| | |
|---|---|
| In re: | Chapter 11 |
| Diamond Comic Distributors, Inc., *et al.*, | Case No. 25-10308 (DER) |
| Debtors. | (Jointly Administered) |
| Diamond Comic Distributors, Inc., | |
| Plaintiff, | |
| v. | Adv. Proc. No. 25-00239 (DER) |
| BOOM ENTERTAINMENT, INC., | |
| Defendant. | |
| BOOM ENTERTAINMENT, INC., | |
| Counterclaim Plaintiff, | |
| v. | |
| Diamond Comic Distributors, Inc., | |
| Counterclaim Defendant. | |

**CERTIFICATE OF SERVICE**

I, Jordan Rosenfeld, certify that I am, and at all times during the service of process was, not less than 18 years of age and not a party to the matter concerning which service of process was made. I further certify that the service of the *Diamond Comic Distributors, Inc.'s Answer to Counterclaim* was made on November 10, 2025 by first class mail, postage prepaid and electronic mail on the party on the attached service list.

Under penalty of perjury, I declare that the foregoing is true and correct.

Dated: November 10, 2025            SAUL EWING LLP

*/s/ Jordan D. Rosenfeld*
Jordan D. Rosenfeld (MD Bar No. 13694)
1001 Fleet Street, 9th Floor

56620234.2

Baltimore, MD 21202
Telephone: (410) 332-8600
Email: jordan.rosenfeld@saul.com

*Counsel for Debtor / Counterclaim Defendant*

-2-

## SERVICE LIST

Catherine Keller Hopkin, Esq.
YVS Law, LLC
185 Admiral Cochrane Drive, Suite 130
Annapolis, MD 21401
chopkin@yvslaw.com
(Via first class mail and electronic mail)

*Counsel to Boom Entertainment, Inc.*

56620234.2